# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | | |
|---|---|---|
| VIVIAN T. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV605-121 |
| | ) | |
| OGEECHEE BEHAVIORAL HEALTH | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint under Title VII of the Civil Rights Act of 1964 alleging discrimination on the basis of her disability.  Docs 1, 3. Defendant has filed a motion to dismiss the complaint because Title VII does not create a cause of action for disability discrimination.  Docs. 6, 7. Plaintiff, who is *pro se*, did not file a response, indicating that the motion is unopposed.  L.R. 7.5.  For the reasons stated below, defendant's motion to dismiss should be DENIED.

## I.   BACKGROUND

Defendant, a company providing "mental health, developmental disability and addictive disease services," employed plaintiff as an instructional aide from February 16, 2004 to May 9, 2005.  Docs. 1; 3 at 1.

Plaintiff alleges that on March 3, 2005, she was diagnosed with erosive or degenerative osteoarthritis in both hands, impairing her ability to work.  Docs. 1; 3 at 4.  Defendant subsequently placed her on light duty, on or about March 9, 2005.  Doc. 1.  Following a letter from plaintiff's personal physician indicating those duties she could and could not perform given her medical condition, defendant allegedly advised plaintiff that she had the choice of resigning or being fired on May 9, 2005.  Doc. 3 at 4.  On May 9, 2005, defendant terminated plaintiff's employment.  Docs. 1, 3.

On May 23, 2005 the Georgia Commission on Equal Opportunity ("GCEO") received an Employment Discrimination Complaint from plaintiff, executed May 20, 2005.  Doc. 1.  The GCEO apparently forwarded this complaint to the Equal Employment Opportunity Commission ("EEOC") District Office in Atlanta.[1]  Id.  The GCEO complaint is a form

---

[1]The GCEO complaint plaintiff attached to her Title VII application includes a time stamp from the GCEO on May 23, 2005 and one from the EEOC "ATDO" on May

complaint used to allege discrimination against Georgia state agencies

under Georgia's Fair Employment Practices Act of 1978, which proscribes

discrimination on the basis of race, color, religion, national origin, sex,

disability, or age.  O.C.G.A. § 45-19-29.[2]  On the form, a complainant may

check a box to indicate a complaint of discrimination based on disability, as

plaintiff checked on her GCEO complaint.  Doc. 1.

Upon receipt of plaintiff's GCEO complaint, the EEOC apparently

conducted its initial investigation into plaintiff's allegations.  In its right-to-

sue letter, the EEOC made the following determination:

> Based upon its investigation, the EEOC is unable to
> conclude that the information obtained establishes
> violations of the statutes.  This does not certify that
> the respondent is in compliance with the statutes.
> No finding is made as to any other issues that might
> be construed as having been raised by this charge.

Doc. 1.  The EEOC right-to-sue letter outlines the process by which claims

under "Title VII, the Americans with Disabilities Act, and/or the Age

Discrimination in Employment Act" may be brought in court.  Doc. 1.

---

24, 2005.  The GCEO deals with discrimination claims against Georgia state agencies.
It appears that the GCEO forwards discrimination claims brought against other entities
to the EEOC.

[2]The prohibitions in § 45-19-29 apply only to public employers, defined as "any
department, board, bureau, commission, authority, or other agency of the state which
employs 15 or more employees within the state . . . ." O.C.G.A. § 45-19-22.

Plaintiff filed this employment discrimination action on November 1, 2005 alleging that she was terminated by defendant due to her disability. Doc. 1. Plaintiff initially brought her complaint using this Court's form "Application under Section 706(f) of Civil Rights Act of 1964." Doc. 1. With this form, plaintiff requested appointment of an attorney and leave to proceed *in forma pauperis*. On November 2, 2005, the Court denied plaintiff appointment of counsel and granted her leave to proceed *in forma pauperis*. Doc. 2. The Court also instructed plaintiff to file a formal complaint.[3] Doc. 2. Plaintiff filed her formal complaint on November 15, 2005 using the form "Title VII Complaint" supplied to her by the Court. Doc. 3. In paragraph 8 of the form complaint, plaintiff was directed to place a check next to "my race," "my religion," "my sex," "my national origin," or "my age" after the statement "The conduct of defendant is discriminatory with respect to." Plaintiff wrote in "My disability" and placed a check next to her own handwriting. Doc. 3 at 3.

Defendant moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground

---

[3]In the Court's Order, the Court notes that plaintiff's complaint is based on allegations of disability discrimination. Doc. 2 at 3.

that Title VII does not create a cause of action for disability discrimination. Docs. 6, 7.  Instead, discrimination on the basis of disability is actionable only under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all of the factual allegations in the complaint as true and construe them in a light most favorable to plaintiff.  <u>Kirwin v. Price Communications Corp.</u>, 391 F.3d 1323, 1325 (11th Cir. 2004).  "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"  <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

## II.   ANALYSIS

A claim of disability discrimination may not be brought under Title VII.  42 U.S.C. § 2000e-2(a)(1); <u>see</u>, <u>e.g.</u>, <u>Lewis v. Zilog, Inc.</u>, 908 F. Supp. 931, 953 n. 11 (N.D. Ga. 1995) (declining to address claim of disability discrimination under Title VII); <u>Brennan v. Nat'l Tel. Directory Corp.</u>, 881

F. Supp. 986, 996-97 (E.D. Pa. 1995) ("disability discrimination . . . claims are not cognizable under Title VII"). At the same time, this Court must liberally construe plaintiff's *pro se* filings. See <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); <u>Brandon v. Lockheed Martin Aeronautical Sys.</u>, 393 F. Supp. 2d 1341, 1354-55 (N.D. Ga. 2005) (*pro se* plaintiff brought a disability discrimination claim under Title VII and 42 U.S.C. §§ 1981, 1983; court construed complaint as one under the ADA but granted summary judgment to defendant). Notably, the procedures for bringing a complaint in federal court under Title VII or the ADA are the same. See <u>Equal Employment Opportunity Comm'n v. Waffle House, Inc.</u>, 534 U.S. 279, 285 (2002); 42 U.S.C. § 12117(a).

At each point in plaintiff's pursuit of a discrimination claim against defendant, she has followed the legal process to the best of her ability and relied on the instructions of the EEOC and this Court. Initially, plaintiff submitted a complaint to the GCEO properly alleging discrimination on the

basis of disability.[4]  Because the GCEO apparently does not directly address claims against parties other than Georgia state agencies, it forwarded plaintiff's complaint to the EEOC, which investigated the claim as if properly filed.[5]  The EEOC issued a right-to-sue letter to plaintiff including instructions for filing a claim under the ADA.  Plaintiff dutifully filed an application to proceed in this Court, succinctly and clearly stating a disability claim.  This Court then directed her to file a formal complaint, using the standard "Title VII" form complaint furnished by the Court. Though plaintiff used the suggested Title VII form complaint, she specifically alleged that the conduct complained of was discriminatory with respect to her disability.  The only deficiency in plaintiff's complaint is the failure to allege that the action falls under the jurisdiction of the ADA

---

[4]The complaint was evidently filed with the wrong agency because defendant is not a state employer under O.C.G.A. § 45-19-22.  Therefore, plaintiff probably should have submitted her complaint directly to the EEOC.  However, as the GCEO immediately forwarded the complaint to the EEOC, this procedural hiccup did not affect the outcome of plaintiff's administrative complaint process.  The EEOC addresses claims of discrimination under both the ADA and Title VII.

[5]Because the administrative procedures are the same for claims under Title VII and the ADA, it is not surprising that the EEOC would investigate a complaint forwarded by the GCEO alleging disability discrimination or use its form right-to-sue letter that address claims under Title VII, the ADA, and the Age Discrimination in Employment Act.

instead of Title VII.[6]  The factual allegations of plaintiff's initial application and formal complaint make it clear that she is alleging employment discrimination on the basis of disability and puts defendant on sufficient notice of the claims against which it must defend.  Such shortcomings in a *pro se* plaintiff's pleadings should not cause her entire cause of action to fail.

## III.  CONCLUSION

The Court construes plaintiff's complaint as one made under the ADA.  Defendant's motion to dismiss should be **DENIED**.

**SO REPORTED AND RECOMMENDED this** /8th **day of April, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[6]The Court notes that plaintiff relied on the form Title VII complaint's pre-printed statement of jurisdiction in paragraph 3.